# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CASSANDRA BRYANT CRAWFORD | § § § | |
| v. | § § | CIVIL ACTION NO. 3:26-CV-0623-S-BW |
| CITY OF DALLAS, TEXAS | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are two emergency motions for temporary restraining order ("TRO") and preliminary injunction (collectively, "Motions") [ECF Nos, 10, 12] filed by Plaintiff Cassandra Bryant Crawford. The Motions appear to be identical. Based on the relevant filings and applicable law, the Motions are **DENIED**.

## I. BACKGROUND

Plaintiff, proceeding pro se, filed this lawsuit on February 25, 2026, asserting claims against Defendant City of Dallas, Texas, for constitutional violations pursuant to 42 U.S.C. § 1983. *See* Compl. [ECF No. 3]. By Special Order No. 3-251, the case was automatically referred to United States Magistrate Judge Brian McKay for judicial screening. *See* ECF No. 1. Because Plaintiff did not pay the filing fee and did not submit a request to proceed *in forma pauperis* ("IFP"), Judge McKay issued an Order [ECF No. 4] instructing Plaintiff to either pay the filing fee or submit an IFP application. Plaintiff subsequently paid the filing fee on March 17, 2026, and on April 2, 2026, filed the Amended Complaint [ECF No. 6]. The case was then referred to Judge McKay for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. *See* ECF No. 8. On April 2, 2026, Plaintiff was ordered to serve Defendant and file proof of service no later than June 15, 2026. *See* ECF No. 7.

This is Plaintiff's third lawsuit requesting that a federal court intervene in what appears to be ongoing state court litigation. *See Crawford v. City of Dallas* (*Crawford I*), No. 3:25-CV-1211-X (N.D. Tex.); *Crawford v. City of Dallas* (*Crawford II*), No. 3:25-CV-1758-S-BK (N.D. Tex.). In *Crawford I*, the court declined to exercise jurisdiction under the *Younger* abstention doctrine. *Crawford I*, ECF No. 5. The court later denied Plaintiff's attempt to reopen the case. *Crawford I*, ECF No. 9. Plaintiff filed *Crawford II*, which was likewise dismissed for lack of subject matter jurisdiction. *Crawford II*, ECF No. 82.

In April 2024, a state court in Dallas County, Texas, entered an agreed permanent injunction and final judgment in a lawsuit brought by Defendant against Plaintiff, Isiah T. Payne, and Plaintiff's address in this action, 3528 Colonial Avenue, Dallas, Texas ("Property"). *See City of Dallas v. Crawford*, No. DC-23-08770, 134th Jud. Dist. Ct., Dallas Cnty., Tex. (Apr. 12, 2024). The state court identified Dallas City Code violations at the Property, permanently enjoined a commercial operation at the Property, ordered that the identified violations at the Property be abated (and a fine be paid), and ordered that the court would have continuing jurisdiction over the enforcement of the injunction. *See id.*; *cf. Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (stating that under Federal Rule of Evidence 201, a district court may "take judicial notice of the state court's orders, final judgment, and docket as matters of public record" (citation omitted)).

That state court proceeding remains active. In March 2025, the state court, after finding that Plaintiff and Payne violated the final judgment, granted Defendant's motion to appoint a receiver of the Property and authorized the receiver to make any reasonable repairs necessary to bring the Property into substantial compliance with Dallas City Code ("Appointment Order"). *See Crawford*, No. DC-23-08770, docket. In May 2025, the state court granted the receiver's motion

to issue a receiver's certificate of $369,852.15, secured by the Property. *See id*. In June 2025, the state court, after finding that Plaintiff had "intentionally and willfully violated" the Appointment Order, granted a motion to compel and, among other things, ordered Plaintiff to allow the receiver access to the Property and to refrain from interfering with the receiver's access to the Property. *See id*. Plaintiff filed an appeal, which was dismissed on December 10, 2025. *See id.*

Despite multiple objections from Plaintiff, it now appears that the sale of the Property is imminent, *see id.*, and Plaintiff is again asking this Court to intervene to prohibit Defendant from proceeding with the sale of the Property. *See* ECF Nos. 10, 12.

## II. ANALYSIS

Although Plaintiff filed this lawsuit under 42 U.S.C. § 1983, as the record set out above demonstrates—and the docket in *Crawford*, No. DC-23-08770, confirms—Plaintiff's lawsuit and her request for injunctive relief invites this Court to interfere with ongoing state court litigation. Under *Younger v. Harris*, 401 U.S. 37 (1971), and the Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283, the Court abstains from exercising federal question jurisdiction.

Although originally applied only to criminal proceedings, "following *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 10–11 [ ] (1987), [*Younger* abstention] also applies 'when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government.'" *Health Net, Inc. v. Wooley*, 534 F.3d 487, 494 (5th Cir. 2008); *see also Alexander v. Dall. Cnty. Health & Hum. Servs. Dep't*, No. 3:23-CV-02776-S (BT), 2024 WL 816263, at \*3 (N.D. Tex. Jan. 16, 2024) ("[C]omity doctrines preclude, in some cases, federal courts from enjoining state proceedings outright or issuing injunctions that otherwise interfere with ongoing state proceedings."), *report and recommendation adopted sub nom. Alexander v. Dall. Cnty. Health & Hum. Servs.*, 2024 WL 812024 (N.D. Tex. Feb. 27, 2024).

Section 1983 provides for a cause of action where it is alleged that a state actor violated the Constitution or federal law. But that statute "does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.'" *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (quoting *Mitchum v. Foster*, 407 U.S. 225, 243 (1972)).

Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction over requests to enjoin state proceedings when "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). If these requirements are met, a federal court may refuse to abstain and grant the requested equitable relief only if:

> (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived.

*Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004) (quoting, among other sources, *Younger*, 401 U.S. at 49).

Here, the *Younger* factors all favor abstention, and there are no exceptions that apply. First, as noted above, the state civil litigation proceedings are ongoing. These proceedings also implicate an important state interest. Since *Younger*, the Supreme Court has recognized that *Younger* abstention is appropriate where a federal plaintiff requests an injunction that would have the practical effect of enjoining state proceedings. *See Pennzoil Co.*, 481 U.S. at 13-14 ("Both *Juidice[ v. Vail*, 430 U.S. 327 (1977),] and this case involve challenges to the processes by which the State

4

compels compliance with the judgments of its courts. Not only would federal injunctions in such cases interfere with the execution of state judgments, but they would do so on grounds that challenge the very process by which those judgments were obtained." (footnote omitted)); *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 671 (10th Cir. 2020) ("[B]oth *Juidice* and *Pennzoil* involved requests to directly or indirectly thwart state court compliance processes." (citation omitted)).

And the additional *Middlesex County* factors are present here: "[T]he state proceedings are judicial in nature and represent important state interests, as state courts must be empowered to enforce their own orders and judgments. Moreover, [Plaintiff] has had opportunities to raise [her] federal challenges in [the] state proceedings and there has been no procedural bar to [her] doing so." *Dandar v. Church of Scientology Flag Serv. Org., Inc.*, 619 F. App'x 945, 949 (11th Cir. 2015) (citation omitted); *see also Pennzoil Co.*, 481 U.S. at 15 ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that the state procedures will afford an adequate remedy[.]"); *Moore v. Sims*, 442 U.S. 415, 425-26 (1979) ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."); *Gates*, 885 F.3d at 880 ("The relevant question is whether the would-be federal plaintiff has the *opportunity* to raise his federal claims in state court." (citing *Moore*, 442 U.S. at 425)).

The Motions also implicate the AIA, which "generally bars federal courts from granting injunctions to stay proceedings in state courts." *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 407 (5th Cir. 2008). 28 U.S.C. § 2283 states specifically that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or

effectuate its judgments." The AIA "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Health Net, Inc.*, 534 F.3d at 494 (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). Because the Motions fail to show that any of the exceptions to the AIA exist here, the Court is unable to interfere in the state court proceedings. *See Brooks v. Wells Fargo Bank, N.A.*, No. 3:17-CV-3443-G-BH, 2018 WL 3422138, at *3 (N.D. Tex. June 21, 2018), *report and recommendation adopted by* 2018 WL 3417230 (N.D. Tex. July 13, 2018); *see also Abor v. Planet Home Lending LLC*, No. 3:24-CV-02205-B-BW, 2025 WL 582159, at *2 (N.D. Tex. Feb. 7, 2025) (denying the plaintiffs' request for an injunction to halt state court eviction proceedings based on the AIA and the *Rooker-Feldman* doctrine), *report and recommendation adopted by* 2025 WL 581450 (N.D. Tex. Feb. 21, 2025).

Finally, the *Rooker-Feldman* doctrine further supports the Court's refusal to interfere with state court proceedings. *See Omoloh v. Bank of Am., N.A.*, No. 4:17-CV-00160-O-BP, 2017 WL 2616006, at *5 (N.D. Tex. May 16, 2017), *report and recommendation adopted by* 2017 WL 2599194 (N.D. Tex. June 15, 2017); *Mitchell v. Greenville Prop. Owners, LLC*, No. 3:21-CV-3103-L-BH, 2022 WL 689010, at *1 & n.2 (N.D. Tex. Feb. 16, 2022), *report and recommendation adopted by* 2022 WL 686715 (N.D. Tex. Mar. 8, 2022). The *Rooker-Feldman* doctrine "divests federal district courts of jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Mitchell*, 2022 WL 689010, at *1 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review,

6

modify, or nullify orders of state courts.'" *Id.* (alteration in original) (quoting *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000)).

For all these reasons, the Court must abstain because it lacks subject matter jurisdiction over Plaintiff's claims. Accordingly, the Court **DENIES** the Motions [ECF Nos. 10, 12].

**SO ORDERED.**

SIGNED April 27, 2026.

**UNITED STATES DISTRICT JUDGE**